46

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## -BROWNSVILLE DIVISION-

| | | |
|---|---|---|
| WOODROW F. LOWERY AND SUSAN K. LOWERY, Plaintiffs, | § § § § | |
| DEBRA S. HEAVIN, Intervenor, | § § § | |
| VS. | § § | CIVIL ACTION NO. B-96-41 |
| GRAHAM MCCULLOUGH, in his official capacity as substitute trustee, AMERICAN FEDERAL BANK, F.S.B., LOMAS MORTGAGE USA, INC., RANDELL W. FRIEBELE, METRO TITLE CO., INC., AND STEWART TITLE GUARANTY CO., Defendants, | § § § § § § § § § § | |
| and | § § | |
| FEDERAL DEPOSIT INSURANCE CORPORATION as manager of the FSLIC Resolution Fund, Intervenor. | § § § § § | |

*United States District Court, Southern District of Texas, ENTERED JUN 2 8 2000, Michael N. Milby, Clerk of Court, By Deputy Clerk*

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The following motions are pending before this Court: Defendant's Motion to Dismiss for Want of Prosecution (Docket No. 32), Motion to Withdraw as Attorney of Record by Angela Nix (Docket No. 40), and Defendant's Motion for Summary Judgment (Docket No. 42).

### FACTUAL SUMMARY

On February 4, 1991, Plaintiffs Woodrow P. Lowery and Susan K. Lowery filed this lawsuit in the 103rd Judicial District Court, Cameron County Texas, seeking to recover damages against the

Defendants for an alleged wrongful foreclosure on real property situated in Cameron County, Texas. Plaintiff Debra Vinson[1] intervened in this lawsuit on February 21, 1991, suing for an alleged wrongful foreclosure and usury. The FDIC filed a notice of removal in the United States District Court, for the Southern District of Texas, Brownsville Division on March 11, 1996. After this case was removed, the parties attended mediation on April 25, 1997 and a settlement was reached between the Lowerys, the FDIC, and Guaranty Federal Bank. Hence the remaining claims left in this case are:

   a. Vinson's claims against Guaranty Federal Bank, f/k/a American Federal Bank.
   b. Vinson's claims against the Lowerys.
   c. The Lowerys' claims against Vinson and Friebele.
   d. The remaining defendants have cross claims against other defendants, including Vinson and Friebele, for contribution and indemnity.

A hearing was held on May 24, 2000 on Ms. Nix's Motion to Withdraw as Attorney of Record. At this hearing, Ms. Nix asked the Court to grant this motion due to a series of circumstances which had arisen that made the relationship between herself and her client impossible. At that time the Judge ordered Ms. Nix to stay in the case through settlement discussions and a follow-up hearing was scheduled. On June 7, 2000 the parties reconvened in Court for a settlement conference, at which point Ms. Nix informed the Court that Ms. Vinson had not responded to any letters that had been mailed to her which contained information on specific settlement offers by the Defendants. Ms. Vinson was not present at this hearing.

## RECOMMENDATION

This Court recommends that this case be administratively closed for the following reasons:

---

[1] Formerly Ms. Debra Heavin.

1. This case was removed to federal court over four years ago, but there has not been any significant resolution of the matters despite an attempt by all parties at mediation and settlement discussions.

2. The parties are not ready to go to trial as the Plaintiff and her attorney are in such a state of conflict that communication between the two of them is non-exisistent. Thus, trial preparation and representation would be extremely difficult.

3. Official settlement offers were made in writing to the Plaintiff, but she failed to respond to any of these offers.

IT IS RECOMMENDED that this case be administratively closed for all of the aforementioned reasons.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

DONE at Brownsville, Texas, this 27th day of June, 2000.

_____
John Wm. Black
United States Magistrate Judge